Chester CLEVELAND Sr., Carol Lee Alegria, Christine T. Alegria, Jacqueline Mia Alegria, Theodore P. A. Alegria, Lina Burton, Mark Burton, Chester Cleveland Jr., Loucinda Jane Cleveland, Ramona L. Coboz, Richard Corona, Edith Faye Davis, Leda Jane DeVargas, Beverly R. Flores, Ursula Faye Flores, Lilian M. Garcia, Anna May Green, Amanda G. Johnson, Christina M. Johnson, Laura D. Johnson, Lawrence P. Johnson, Samantha L. Johnson, Victoria L. Johnson, Rosalind J. Corona Kiras, Sandra Kiras, Lauri Morales, Mike Morales, Nancy Morales, Anthony Martin, John Martin Jr., John Martin Sr., Jacqueline Mitchell, Thelma Mitchell, Antionette Corona Newman, Randy Newman, Evelyn Ortega, Lisa Elaine Ortega, Marcella Rita Ortega, Marshell Daniel Ortega, Maria Corona Ray, David Ramon, Dede Ramon, Nina Corona Ramon, Nikki Ramon, Vickie Ramon, Richard Ramon, Dickie R. J. Reily, Johnny Lee Rossi, James Albert Rossi, Jack Robert Rossi, Doreen Rossi, Diana Corona Rydberg, Edward Rydberg, Naomi Rydberg, Anthony Stokes, Billie Stokes, Chillie Stokes, Christina Corona Stokes, Alex Vigil, Frank Nookie, Tania D. Davis, Maria Ray and Kathy Ann Cleveland, Plaintiffs,

v.

Cecil ANDRESS, Secretary, Department of the Interior, United States of America, Josi A. Zuni, Nevada Indian Agent, Goshute Business Council, Robert Steele, Clell Pete, Jim Steele, Lee Moon, and Rosa Naranjo, Defendants.

Civ. No. R–77–0190 BRT.

United States District Court, D. Nevada.

Jan. 18, 1978.

David Dean, Reno, Nev., for plaintiffs.

B. Mahlon Brown, U. S. Atty., Las Vegas, Nev., Samuel Coon, Asst. U. S. Atty., Reno, Nev., for defendant Andrus.

Boyden, Kennedy, Romney & Howard, John Paul Kennedy, Salt Lake City, Utah, for Goshute Business Council, et al.

## ORDER TRANSFERRING VENUE

BRUCE R. THOMPSON, District Judge.

On November 3, 1977, defendants Goshute Business Council, Robert Steele, Clell Pete, Jim Steele, Lee Moon and Rosa Naranjo moved to transfer this action to the District of Utah. The verified motion alleges:

"The Tribal defendants are joined as a result of their actions as alleged officers of the Goshute Tribe (formally referred to as The Confederated Tribes of the Goshute Reservation, Utah, in its federally approved Constitution and Bylaws (see 25 U.S.C. § 476)) as members of its governing Tribal Business Council. Those defendants do not all reside in Nevada.

"The Tribal Headquarters of the Goshute Tribe is located in Ibapah, Utah.

"All actions of the Tribal defendants as alleged in the Complaint herein have occurred in the State of Utah.

"All other official business of the Goshute Tribe is conducted at its Tribal Headquarters at Ibapah, Utah.

"Tribal defendants Clell Pete, Jim Steele and Rosa Naranjo reside within the State of Utah.

"The undersigned, as General Counsel for the Goshute Tribe and counsel for the tribal defendants herein, has his office and place of business in Salt Lake City, Utah.

"The Department of the Interior Regional Solicitor's Office responsible for the affairs of the Goshute Tribe and which has participated in the preparation and adoption of the distribution plan and enrollment ordinance referred to in the Complaint is located in Salt Lake City, Utah."

This is an action for damages and injunctive relief brought by sixty-five named individuals who are allegedly American Indians of Goshute ancestry. The claim for relief relates to the distribution of a $7,300,000 fund established by Congress to satisfy an award made by the Indian Claims Commission to the Goshute Tribes. The complaint attacks the validity of a plan of distribution which provides for retention of fifty percent of the fund by the Goshute Tribe, and also attacks the procedures employed for identification and qualification of individuals entitled to share in the award.

The defendants are the Secretary of Interior, Zuni, an agent of the Bureau of Indian Affairs residing at Stewart, Nevada, the Goshute Business Council, and Robert Steele, Clell Pete, Jim Steele, Lee Moon and Rosa Naranjo. The latter are members of the Goshute Business Council which is the governing board of the incorporated Goshute Tribe. Defendants Pete, Jim Steele and Naranjo reside in Utah. One affidavit before the court indicates that the complaint correctly names the members of the Goshute Business Council as of 1975, but that the present board is comprised of Henry Pete, Clell Pete, Doug Steele, Lee Moon and Harlan Pete, three of whom reside in Utah, and two in eastern Nevada, a few miles from the Utah border.

The complaint states no claim for relief against Zuni, but merely alleges his official capacity with the Bureau of Indian Affairs.

The named plaintiffs are allegedly residents of California, Montana, Nevada, Colorado, Oregon and Massachusetts.

Federal jurisdiction in this case is not predicated on diversity of citizenship. Rather, plaintiffs invoke federal question jurisdiction under 28 U.S.C. § 1331.

The defendants' motion for change of venue to Utah is based on 28 U.S.C. § 1391(e) which was amended in 1976. Before the amendment the statute read:

"(e) A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action."

The statute, as amended, provides:

"A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party."

The change was part of extensive amendments in 1976 of procedures relating to judicial review of administrative actions. (P.L. 94–574; 90 Stat. 2721). The former statute (supra) enacted in 1962, which changed the rule that an action against a superior government official could be entertained only at the place of his official residence, usually the District of Columbia, required that "each" defendant be an officer or employee of the United States or a government agency. This wording led to a split of authority with respect to whether private individuals could be joined as defendants with a government official or agency. One purpose of the 1976 amendments was to resolve this difficulty (See 5 U.S.Code Cong. & Admin.News, 1976, pp. 6139, 6149). The expressed intent of the 1976 amendment to section 1391, after revision at the suggestion of the Department of Justice * is to permit the joinder with a government official or agency of other private individual defendants so long as other venue provisions of the judicial code permit the joinder of such person or persons in the particular district.

---

* While the question must be regarded as still open, the limitation on joinder set forth in § 1391(e) has been held by some courts to apply only to those individuals as to whom that section itself is the sole basis of venue. That is, additional defendants may be joined so long as an independent basis of venue with respect to them exists. See *Natural Resources Defense*

In this particular instance, the other venue requirements which are applicable as if "the United States or one of its officers, employees or agencies were not a party" are found in 28 U.S.C. § 1391(b):

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

It is undisputed on this record that all the individual defendants do not reside in one judicial district—some are in Utah and some Nevada. Also, because some defendants are not federal officials or agencies, the venue provision of section 1391(e)(3), (4) permitting suit where the plaintiff resides is inapplicable. The alternative venue provision of section 1391(b) (supra) applies, that is, the place where the claim arose.

It is also undisputed on this record that the principal conduct, activity, and transactions which generated the claims sought to be asserted by plaintiffs occurred in the District of Utah where the tribal headquarters are located, where the principal office of the incorporated Goshute Tribe is situated, and where the business of the Goshute Indians relating to the matters alleged in the complaint is conducted. It is, of course, arguable that the claim arose in the District of Columbia, but as between the Districts of Nevada and Utah it is patent on the record before the court that there is no semblance of reason to hold that the claim arose in Nevada, while there is much support for the conclusion that the claim arose in Utah.

This is particularly true of that portion of the complaint that relates to the identification and qualification of Indians of Goshute ancestry for the purpose of permitting them to share in the Indian Claims Commission award.

Accordingly,

*IT HEREBY IS ORDERED* that the action entitled above be, and it hereby is, transferred to the District of Utah.

*Council, Inc. v. Tennessee Valley Authority,* 459 F.2d 255, 257 n. 3 (2d Cir. 1972). If the effect of the present proposal were merely to codify this interpretation of § 1391(e), the Department would support it. However, the amendment as written goes much further. It would permit any plaintiff to obtain venue against any private defendant by simply joining as a party to the action a federal official over whom venue may be obtained under 28 U.S.C. § 1391(e). The Department sees no reason why the facilitation of suits against the Government should lead to the imposition of hardships against non-Government defendants which the ordinary venue rules are designed to avoid. See *Town of East Haven v. Eastern Airlines,* 282 F.Supp. 507, 510–11 (D.Conn.1968). We

may note, incidentally, that the portion of the Administrative Conference Committee report which was the origin of this proposal did not address the point we have here raised, and indeed in all except its last sentence discussed the problem as though the only issue were permitting the joinder of persons as to whom independent grounds of venue existed. See 1 ACUS Reports 431–32.

The Department's objection would be met if the final phrase of section 3, "without regard to other venue requirements," were replaced by: "and with such other venue requirements as would be applicable if the United States or one of its officers, employees or agencies were not a party."